48 F.3d 1228
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Wladyslaw GRABARCZYK, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 92-70304.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 21, 1995.*
Decided Feb. 28, 1995.
 
 On Petition for Review of an Order of the Board of Immigration Appeals, INS No. Amv-yxx-otv.
 BIA
 PETITION DENIED.
 Before: SCHROEDER, CANBY, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Wladyslaw Grabarczyk, a native and citizen of Poland, petitions for review of the Board of Immigration Appeals' (BIA) order affirming the immigration judge's (IJ) decision denying Grabarczyk's applications for asylum and withholding of deportation. We review the BIA's denial of asylum for abuse of discretion, Azewicz v. INS, 984 F.2d 1056, 1059 (9th Cir.1993), and we deny the petition for review.[1]
 
 
 3
 To qualify for asylum, Grabarczyk had to show that he had an objectively reasonable "well-founded fear" of persecution should he return to Poland. Fisher v. INS, 37 F.3d 1371, 1375 (9th Cir.1994) (per curiam). The BIA's decision that Grabarczyk did not have an objectively reasonable "well-founded" fear of persecution is supported by substantial evidence. Grabarczyk has not shown that as a member of Solidarity who escaped Poland in 1989, he will be persecuted by the Communists if he returns or that his political beliefs are the reason he is blacklisted from employment by Polish fishing companies. Accordingly, the BIA did not err by deciding that Grabarczyk was not a "refugee" who qualified for asylum.[2] See Acewicz at 1061-62.
 
 
 4
 To qualify for withholding of deportation, an alien must demonstrate a "clear probability" of persecution should he be deported. Id. at 1062. Because Grabarczyk fails to meet the "well-founded fear" standard required for asylum, he also fails to meet the more stringent "clear probability" standard required for withholding of deportation. Id. Accordingly, the BIA did not err by denying Grabarczyk's request for withholding of deportation.
 
 
 5
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 While Grabarczyk challenges the IJ's findings and decision, our jurisdiction is limited to review of the BIA. See Acewicz, 984 F.2d at 1059
 
 
 [2]
 Further, the record shows that Grabarczyk had an opportunity to rebut the facts noticed by the BIA. See Acewicz, 984 F.2d at 1061. Thus, Grabarczyk was not denied due process, and the BIA did not abuse its discretion by taking administrative notice of the changed conditions in Poland and of the effect of the changes on Grabarczyk's fear of persecution, see id